UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. FAULKNER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. POLLARD,<br><br>　　　　　Respondent. | No. 1:20-cv-01748-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. 23) |

　　　　Kenneth L. Faulkner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 14, 2021, the previous assigned district judge issued an order adopting the assigned magistrate judge's findings and recommendations to dismiss the petition for writ of habeas corpus as an unauthorized successive petition. (Doc. 21.) On October 28, 2021, petitioner filed a motion to reopen the case. (Doc. 23.) The Court construes the motion to reopen the case as a motion for reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

　　　　District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles. v. Santa Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration under Rule 59(e), however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

1

intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain.").

Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Petitioner asks the Court to reopen his case to consider the "new and pertinent" issues of ineffective assistance of counsel due to lack of pretrial investigation. (Doc. 23.) However, petitioner's motion acknowledges that this argument was already raised in petitioner's objections to the findings and recommendations, which the Court reviewed and considered when it conducted a *de novo* review of the case. (*See* Doc. 16 at 30-31.) Mere disagreement with the Court's prior ruling provides no basis to grant a motion to amend or alter the judgment. *See Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2011) ("To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."). Petitioner has set forth no facts or law that would induce the

1  Court to reconsider its prior decision.

2      Because petitioner has not demonstrated that the Court's prior order was erroneous in any
3  respect, the Court finds no basis to grant the requested relief.  Petitioner's motion for
4  reconsideration (Doc. 23) is therefore denied.

6  IT IS SO ORDERED.

7      Dated:   **February 15, 2022**                    _Jennifer L. Thurston_
                                                        UNITED STATES DISTRICT JUDGE